

GEORGE G. MDGESYAN, ESQ. (STATE BAR NO. 225476)
MGDESYAN LAW FIRM
15260 VENTURA BLVD., PENTHOUSE 2200
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiffs, REBECCA LOPEZ and JOSE LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### -Western Division-

**CV15   01745 MMM (MAN)**

| | |
|---|---|
| REBECCA LOPEZ and JOSE LOPEZ an individual and Successor in Interest to decedent GABRIEL LOPEZ<br><br>        Plaintiff,<br><br><br>V.<br><br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, CITY OF SAN FERNANDO, SAN FERNANDO POLICE DEPARTMENTand DOES 1 to 10, inclusive,<br><br>        Defendants. | Case Number:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Wrongful Death<br>2. Violation of Decedent's Civil Rights 42 U.S.C § 1983-Excessive Force<br>3. Violation of Decedent's Civil Rights 42 U.S. § 1983-Unlawful Custom and Practice<br>4. Violation of California Civil Code §§ 43, 52.1; California Constitution Article 1 § 13<br>5. Intentional Infliction of Emotional Distress<br><br>**[JURY TRIAL DEMAND]** |

1

# INTRODUCTION

This is a civil rights wrongful death/survivor action for money damages arising from the shooting and killing of decedent GABRIEL LOPEZ on August 12, 2014, in Los Angeles, California, against all defendants for violations of California tort law and United States Constitutionally guaranteed rights. GABRIEL LOPEZ was 23 years old at the time of his death, unmarried and without issue.

Plaintiffs, JOSE LOPEZ and REBECCA LOPEZ individually, and Successor in interest to GABRIEL LOPEZ, deceased, hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and California wrongful death and survivorship law. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2. At all relevant times to the facts underlying the present complaint,

Plaintiffs JOSE LOPEZ and REBECCA LOPEZ (hereinafter Plaintiffs") are and were residents of Winnetka, California, at the time of the allegations set forth herein.

3. Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

## PARTIES

4. Plaintiffs are the natural parents, heirs, successors in interest and survivors of decedent GABRIEL LOPEZ . Attached as Exhibit A is their declaration required by California Code of Civil Procedure § 377.32. They are persons described in California Code of Civil Procedure § 377.60(a) as persons who may bring a wrongful death action and would be entitled to the property of the decedent by intestate succession.  In their own right, they bring their Claim for Wrongful Death and Survivorship and their Claim under 42 U.S.C. § 1983 for deliberate indifference to their constitutionally protected interests in the companionship of GABRIEL LOPEZ.  They bring their claims under 42 U.S.C §1983 for violations of GABRIEL LOPEZ' Constitutional rights, as successors in interest to GABRIEL LOPEZ.

5. That at the time of his death GABRIEL LOPEZ was not married.

6. PLAINTIFFS are the only successors in interest to the decedent GABRIEL LOPEZ and are entitled to bring the first cause of action herein alleged.

7. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY.

8. Defendant LOS ANGELES SHERIFF'S DEPARTMENT, (hereinafter "SHERIFF") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

9. SAN FERNANDO POLICE DEPARTMENT (hereinafter "SAN FERNANDO POLICE DEPARTMENT") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

10. Defendant CITY OF SAN FERNANDO (hereinafter "CITY OF

SAN FERNANDO") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant CITY OF SAN FERNANDO has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Fernando Police Department, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, and the use of force.

11. On September 5, 2014, a timely claim for damages was filed with the COUNTY in substantial compliance with California Government Code § 910, et seq.

12. On October 14, 2014 PLAINTIFFS amended a claim for damages to the COUNTY in substantial compliance with California Government Code §910, et seq. PLAINTIFFS claim was rejected by the COUNTY on November 12, 2014.

13. On September 17, 2014, a timely claim for damages was filed with

the CITY OF SAN FERNANDO in substantial compliance with California

Government Code § 910, et seq. PLAINTIFFS claim was rejected by the

CITY OF SAN FERNANDO on February 15, 2015.

14. Plaintiffs are unaware of the true names and capacities of those

allege said Defendants. Plaintiffs are informed, believe, and thereon allege

that these Defendants designated as DOE are legally responsible and liable

for the incident, injuries and damages hereinafter set forth, and that each of

said Defendants proximately caused the injuries and damages by reason of

negligent, careless, deliberately indifferent, intentional, willful or wanton

misconduct, including the negligent, careless, deliberately indifferent,

intentional, willful or wanton misconduct in creating and otherwise

causing the incidents, conditions and circumstances hereinafter set forth, or

by reason of direct or imputed negligence or vicarious fault or breach of

duty arising out of the matters herein alleged.

15. Each of the individual Defendants sued herein is sued both in

his/her individual and personal capacity, as well as in his/her official

capacity.

16. Plaintiffs are informed, believe, and therefore allege that, at all

times herein mentioned, each of the Defendants was an agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

17. Plaintiffs are informed, believe, and thereon allege that each of the Defendants designated as DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately causing damages as herein alleged.

18. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## FACTS COMMON TO ALL CAUSES OF ACTION

19. This complaint concerns a fatal officer involved shooting which occurred on August 12, 2014 at 812 South Brand Blvd, San Fernando, CA 91340.

20. Decedent, GABRIEL LOPEZ, was leaving the house when the Officers shot at him several times. Officers, whose names are unknown at this time, were employed by and acting in the course and scope of their

employment with the COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO POLICE DEPARTMENT. Without warning, the officers repeatedly and unjustifiably discharged his/her department issued firearm at the person of GABRIEL LOPEZ, inflicting multiple gunshot wounds, which proved to be fatal. At no time during the course of these events did GABRIEL LOPEZ pose any reasonable threat of violence to the officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. The death of GABRIEL LOPEZ was a direct and proximate result of gunshot wounds inflicted upon his person by Defendant Police Officers.

21. Both prior to and during the time in which he was shot, GABRIEL LOPEZ posed no reasonable threat of violence to Defendants, and each of them, who shot him, nor to any other individual.

22. Both prior to and during the time in which he was shot, GABRIEL LOPEZ made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will, or the ability to inflict substantial bodily harm against any individual.

23. Both prior to and during the time in which Defendants, and each

of them, shot GABRIEL LOPEZ, Defendants individually, were not faced with any circumstances which would have led a reasonable police officer to believe that GABRIEL LOPEZ posed the risk of death, or serious bodily injury to any person.

24. At no time during the course of events did GABRIEL LOPEZ pose any reasonable threat of violence to the Defendants, and each of them, nor did he do anything to justify the force used against him that was excessive, unreasonable, unnecessary, unlawful and deadly.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

### (By Plaintiffs against all Defendants)

25. Plaintiffs restate and incorporate each and every allegation contained in paragraphs 1 through 24 of this complaint, and by reference include the same herein and make each a part hereof.

26. On August 12, 2014, Defendants, while acting in the course and scope of their employment with the COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO POLICE DEPARTMENT, used excessive and unreasonable force against GABRIEL LOPEZ by acts which included, but were not limited to, violently assaulting and bettering

GABRIEL LOPEZ by acts which included, but were not limited to,

unjustifiably discharging a department issued gun at the person of

GABRIEL LOPEZ.

27. Following the shooting and after surviving for an appreciable

period of time after being assaulted, battered, and shot, as described

herein, GABRIEL LOPEZ died as a direct and proximate result of the

aforementioned gunshot wounds.

28. At no time during the course of the events described herein did

GABRIEL LOPEZ pose any reasonable threat of violence to the Defendant

officers, nor did he do anything to justify the force used against him, and

the same was deadly, excessive, unnecessary, and unlawful.

29. Plaintiffs are informed and believe and thereon allege that

Defendants, and each of them, failed to exercise reasonable and ordinary

care in committing the acts alleged herein, by actions and inactions which

include, but are not limited to, negligently using excessive and

unreasonable physical force upon the person of GABRIEL LOPEZ, when

the same was unnecessary and unjustified, negligently failing to determine

that GABRIEL LOPEZ posed no threat of physical harm to any person

when he was assaulted and battered, and negligently inflicting physical

injury upon GABRIEL LOPEZ as described herein. All of these negligent

acts proximately caused the death of GABRIEL LOPEZ as described herein.

30.Plaintiffs are informed and believe and thereon allege that on and

before August 12, 2014 individual employees of the COUNTY, SHERIFF,

CITY OF SAN FERNANDO, and SAN FERNANDO POLICE

DEPARTMENT, while working in the course and scope of their

employment with the COUNTY, SHERIFF, CITY OF SAN FERNANDO,

and SAN FERNANDO POLICE DEPARTMENT, negligently hired, trained,

supervised, employed and managed Defendants in that said employees of

the COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN

FERNANDO POLICE DEPARTMENT knew or, in the exercise of

reasonable diligence, should have known, that said officers were

dangerous and violent employees, prone to provoke and initiate physical

confrontation without reasonable justification, and in a manner that

demonstrates callous disregard for the rights and safety of civilian citizens,

and assault and batter persons and/or use unnecessary, unreasonable,

deadly, and/or unlawful physical force without reasonable justification.

All of these negligent acts proximately caused the death of GABRIEL

LOPEZ as described herein.

31. As a proximate result of all of the above-mentioned conduct of Defendants, and each of them, GABRIEL LOPEZ was shot and killed on or about August 12, 2014.

32. As a proximate result of the death of the GABRIEL LOPEZ and the above-described conduct of Defendants, and each of them, Plaintiffs have sustained substantial economic and non-economic damages resulting from the loss of love, comfort, companionship, society, attention, services and support of GABRIEL LOPEZ in an amount according to proof at trial.

33. As a further proximate result of the above-described conduct of the Defendants, each of them, and the ensuing death of the GABRIEL LOPEZ, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE [42 U.S.C. §1983]

## (By Plaintiffs against all Defendants)

34. Plaintiffs restate and incorporate each and every allegation contained in paragraphs 1 through 33 of this complaint, and by reference include the same herein and make each a part hereof.

35. The cause of action is brought on behalf of GABRIEL LOPEZ, by

and through his successors in interest and surviving parents, Plaintiffs, who would, but for his death, be entitled to bring this cause of action themselves, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to GABRIEL LOPEZ by the Fourth Amendment to the United States Constitution.

36. At all times mentioned herein, Defendants COUNTY and CITY OF SAN FERNANDO employed individual Defendants and on scene Police Officers. Said Defendants COUNTY and CITY OF SAN FERNANDO provided its individual employees and agents with official badges and identification cards which designated and described the bearers as employees or agents of the COUNTY and CITY OF SAN FERNANDO.

37. During all times mentioned herein, the individual Defendants and one scene Police Officers, and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY and CITY OF SAN FERNANDO. Each of the officers, separately and in concert, deprived Plaintiffs of the rights, privileges and immunities secured to him

by the Fourth and Fourteenth Amendments to the United States

Constitution and by the laws of the United States.

38. Plaintiffs are informed, believe, and therefore allege, that on or

about August 12, 2014, Defendants, and each of them, fatally assaulted,

battered, shot, and killed GABRIEL LOPEZ as previously described, all of

which constituted deadly, excessive, unjustifiable, and unreasonable force

in violation of and with deliberate indifference to GABRIEL LOPEZ Fourth

Amendment right to be free from unreasonable searches and seizures. By

causing the death of GABRIEL LOPEZ, the actions additionally violated

Plaintiffs Fourteenth Amendment right to substantive due process,

privacy, as well as their rights to associate with their son, their right to

enjoy the care, companionship, familial relationship, and society of their

son, and their right to be free from arbitrary and unreasonable government

intrusions into their family unit. Defendants, and each of them

individually, intruded upon their family unit with deliberate indifference

and in a manner that shocks the conscience, when they sued deadly and

excessive force upon GABRIEL LOPEZ.

39. The above articulated constitutional violations were proximately

caused by the Defendants', COUNTY and CITY OF SAN FERNANDO

deliberate indifference to the maintenance, training, and control of the

SHERIFF and SAN FERNANDO POLICE DEPARTMENT, and its officers.

40.The injuries and constitutional violations set forth herein were

proximately caused by the customs, practices, policies and decisions of

Defendants COUNTY  and CITY OF SAN FERNANDO including, but not

limited to, inadequately training and supervising SAN FERNANDO

POLICE DEPARTMENT and its officers with respect to the reasonable and

proper use of deadly force against civilians.

41.Plaintiffs are informed and believe, and thereupon allege, that on

or before August 12, 2014, the COUNTY and the CITY OF SAN

FERNANDO hired, trained, supervised, employed and/or managed the

individual officers, with conscious disregard of an deliberate indifference

to the constitutional rights of third parties, in that it was plainly obvious to

the COUNTY and the CITY OF SAN FERNANDO that these officers were

dangerous and violent employees, prone to fire their firearms without

reasonable justification, and in a manner that demonstrates callous

disregard for the rights and safety of third parties, and assault and batter

persons and/or use unnecessary, unreasonable, deadly, and/or unlawful

physical force without reasonable justification. Because adequate scrutiny of these individual Defendants' background would have led reasonable policymakers within the COUNTY and CITY OF SAN FERNANDO to conclude that the plainly obvious consequence of the decision to hire these individual Defendants would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the COUNTY and the CITY OF SAN FERNANDO were deliberately indifferent to Plaintiffs' federally protected rights when the individual Defendants named herein were hired, retained, and later supervised.

42. As set forth in the foregoing paragraphs of this Complaint, the Defendants' shooting of GABRIEL LOPEZ was an unconstitutional display of unreasonable, excessive and deadly force, which violated GABRIEL LOPEZ Fourth Amendment right to be free from unreasonable seizures. Plaintiffs are informed and believe, and thereupon allege the details of this incident have been revealed to the authorized policymakers within the COUNTY and the CITY OF SAN FERNANDO, and that such policymakers have direct knowledge of the fact that the shooting of GABRIEL LOPEZ was unjust and represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the

authorized policymakers within the COUNTY and the CITY OF SAN

FERNANDO have approved of the Defendants, and each of them

individually, shooting of GABRIEL LOPEZ, and have made a deliberate

choice to endorse the Defendants, and each of them individually, shooting

of GABRIEL LOPEZ, and the basis for that shooting. By so doing, the

authorized policymakers within the COUNTY and CITY OF SAN

FERNANDO have shown affirmative agreement with the individual

Defendant officer's actions, and have ratified the unconstitutional acts of

the individual Defendant officers.

43. Despite the fact that COUNTY and CITY OF SAN FERNANDO

knew or should have known of the fact that these acts, omissions,

decisions, practices, customs and policies, both formal and informal, were

being carried out by its agents and employees, COUNTY and CITY OF

SAN FERNANDO have taken no steps or efforts to prevent this course of

conduct, nor to make redress to the Plaintiffs or other civilian citizens

injured thereby, and have failed to take any disciplinary action whatsoever

against any of its employees or agents.

44. The above acts or omission of acts of the Defendants were

undertaken while under color of state law and resulted in the violation of

Plaintiff's constitutional rights, as stated herein. Likewise, the customs,

practices, policies, and decisions of the COUNTY and the CITY OF SAN

FERNANDO alleged herein and as applied to GABRIEL LOPEZ, resulted

in violation of Plaintiffs' constitutional rights.

45. GABRIEL LOPEZ had the right to be free from unreasonable

searches and seizures, and the right to be free from the use of unreasonable

and excessive force. These rights and privileges are secured to GABRIEL

LOPEZ by the provisions of the Fourth Amendment to the United States

Constitution, and by 42 U.S.C. §1983. All of these interests were implicated

by the wrongful conduct of the Defendants which proximately caused the

death of Gabriel Lopez.

46. Plaintiffs had a Fourteenth Amendment right to substantive due

process, privacy, as well as a fundamental right to associate with their

brother, and a right to enjoy the care, companionship, familial relationship,

and society of their brother, and a right to be free from arbitrary and

unreasonable government intrusions into their family unit. All of these

rights and privileges are secured to Plaintiffs by the provisions of the

Fourteenth Amendment to the United States Constitution, and by 42 U.S.C.

§1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused GABRIEL LOPEZ death.

47. Each of the officers, and the municipal Defendants acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs and GABRIEL LOPEZ of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiffs to punitive and exemplary damages in an amount to be proven at the trial of this matter.

48. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiffs REBECCA LOPEZ and JOSE LOPEZ and decedent GABRIEL LOPEZ have suffered great mental and physical pain, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort, society, companionship, solace and support, all to their damage in a sum to be determined at trial. Additionally, Plaintiffs have been forced to incur substantial amounts for attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations.

49.Plaintiffs are entitled to and hereby demand costs, attorney fees

and expenses pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION

## UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. §1983

### (By Plaintiffs against all Defendants)

50.Plaintiffs restate and incorporate each and every allegation

contained in paragraphs 1 through 49 of this complaint, and by reference

include the same herein and make each a part hereof.

51.Defendants COUNTY and CITY OF SAN FERNANDO are and at

all times herein mentioned, have been a municipal corporations duly

authorized and existing as such in and under the laws of the State of

California; and at all times herein mentioned, Defendants COUNTY and

CITY OF SAN FERNANDO possessed the power and authority to adopt

policies and prescribe rules, regulations and practices affecting the

operation of the SHERIFF  and SAN FERNANDO POLICE DEPARTMENT

and its tactics, methods, practices, customs and usages related to internal

investigations, personnel supervision and records maintenance, and the

proper uses of force.

52.At all times herein mentioned, Defendants DOE, and each of them,

were employees acting under the Defendants', COUNTY and CITY OF

SAN FERNANDO, direction and control, who knowingly and intentionally

promulgated, maintained, applied, enforced and suffered the continuation

of policies, customs, practices and usages in violation of the Fourth and

Fourteenth Amendments respectively to the United States Constitution,

which customs, policies, practices and usages at all times herein mentioned

required and encouraged the employment, deployment and retention of

persons as officers who have demonstrated their brutality, dishonesty, and

other serious abuses of their powers as officers in the employment of the

COUNTY and CITY OF SAN FERNANDO.

53.The unconstitutional policies, practices or customs promulgated,

sanctioned or tolerated by Defendants COUNTY and CITY OF SAN

FERNANDO include, but are not limited to:

> (a).Defendants COUNTY and CITY OF SAN FERNANDO
>
> failed to adequately train and educate officers in the use of
>
> reasonable and proper force and failed to enforce the
>
> department's written regulations with respect to uses of
>
> force;

(b). Defendants COUNTY and CITY OF SAN FERNANDO

failed to adequately supervise the actions of officers under

their control and guidance;

(c). Defendants COUNTY and CITY OF SAN FERNANDO

fostered and encouraged an atmosphere of lawlessness,

abuse and unconstitutional misconduct, as to encourage

their police officers to believe that excessive use of force on

residents of the COUNTY and CITY OF SAN FERNANDO

or persons present therein, including the members of

minority groups is permissible and that such conduct would

be overlooked without discipline or other official

ramifications.

54. Said policies, procedures, customs and practices of Defendants,
and each of them, evidenced a deliberate indifference to the violations of
the constitutional rights of Plaintiffs.

55. Defendants, and each of them, demonstrated their deliberate
indifference to the civil rights of minority groups and other victims due to
improper and excessive use of force by the SHERIFF and SAN
FERNANDO POLICE DEPARTMENT, by their failure to adequately train

and more closely supervise or re-train officers and/or discipline or recommend prosecution of those officers who used such improper force.

56. By reason of aforesaid policies, customs, practices and usages, Plaintiffs were deprived of their rights under Fourth and Fourteenth Amendments to the United States Constitution.

57. By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiffs suffered severe mental anguish, emotional distress, and financial losses as alleged in the First Cause of Action, all to Plaintiffs' damages in a sum according to proof.

## FOURTH CAUSE OF ACTION

### Violation of California Civil Code § 43, 52.1;

### California Constitution, Article 1, §13

### (By Plaintiffs against all Defendants)

58. Plaintiffs restate and incorporate each and every allegation contained in paragraphs 1 through 56 of this complaint, and by reference include the same herein and make each a part hereof.

59. The cause of action is brought on behalf of decedent GABRIEL LOPEZ by and through his successors in interest, Plaintiffs, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance,

regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to GABRIEL LOPEZ by the Constitution of the State of California and the California Civil Code, §§ 43 and 52.1.

60. At all times mentioned herein, the Defendants COUNTY and CITY OF SAN FERNANDO employed the individual Defendants herein. Said Defendants COUNTY and CITY OF SAN FERNANDO provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the COUNTY and CITY OF SAN FERNANDO.

61. During all times mentioned herein, the Defendants and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY and CITY OF SAN FERNANDO. Each of the individual Defendants herein, separately and in concert, deprived GABRIEL LOPEZ of the rights, privileges and immunities secured to him by the Constitution of the State of California, Article 1, section 13, as well as the California Civil Code, §§ 43 and 52.1.

62. Plaintiffs are informed, believe and therefore allege, that on or

or before August 12, 2014 ,the COUNTY, SHERIFF, CITY OF SAN

FERNANDO, and SAN FERNANDO POLICE DEPARTMENT hired,

trained, supervised, employed and/or managed the individual officers,

and Defendants DOES 1 through 10, inclusively, and each of them, with

conscious disregard of and deliberate indifference to the constitutional and

statutory rights of third parties, in that it was plainly obvious to the

COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO

POLICE DEPARTMENT that these officers were dangerous and violent

employees, pronto fie their firearms without reasonable justification, and in

a manner that demonstrated callous disregard for the rights and safety of

third parties, and assault and batter persons and/or use unnecessary,

unreasonable, deadly, and/or unlawful physical force without reasonable

justification. Because adequate scrutiny of the individual Defendant's

background would have led reasonable policymakers within the COUNTY,

SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO POLICE

DEPARTMENT to conclude that the plainly obvious consequence of the

decision to hire these individual Defendants would be the deprivation of a

third party's right to be free from unreasonable and excessive force, the

COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO

about August 12, 2014, Defendants fatally assaulted, battered, shot, and killed GABRIEL LOPEZ as previously described, all of which constituted deadly, excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to GABRIEL LOPEZ statutory and constitutional right to be free from unreasonable searches and seizures. Further, the violent conduct of Defendants as described herein, directly interfered with GABRIEL LOPEZ constitutional and statutorily guaranteed rights.

63. The above articulated violations were proximately caused by the COUNTY and CITY OF SAN FERNANDO deliberate indifference to the maintenance, training, and control of the SAN FERNANDO POLICE DEPARTMENT, and its officers, and the injuries and violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendant COUNTY and CITY OF SAN FERNANDO, SHERIFF and the SAN FERNANDO POLICE DEPARTMENT, including, but not limited to, inadequately training and supervising SAN FERNANDO POLICE DEPARTMENT officers with respect to the reasonable and proper use of deadly force against civilians.

64. Plaintiffs are informed and believe, and thereupon allege, that on

POLICE DEPARTMENT were deliberately indifferent to Plaintiff's

protected rights under the California Constitution and California Civil

Code, when the individual Defendants were hired, retained, and later

supervised.

65. As set forth in the foregoing paragraphs of this Complaint, the

shooting of GABRIEL LOPEZ was an unconstitutional and statutorily

violative display of unreasonable, excessive and deadly force, which

violated GABRIEL LOPEZ right to be free from unreasonable seizures,

guaranteed to him under the laws of the State of California. Plaintiffs are

informed and believe, and thereupon alleges, the details of this incident

have been revealed to the authorized policymakers within the COUNTY,

SHERIFF,  CITY OF SAN FERNANDO, and SAN FERNANDO POLICE

DEPARTMENT and that such policymakers have direct knowledge of the

fact that the shoot of GABRIEL LOPEZ was not justified, but rather

represented an unconstitutional and statutorily prohibited display of

unreasonable, excessive and deadly force. Notwithstanding this

knowledge, the authorized policymakers within the COUNTY, CITY OF

SAN FERNANDO, and SAN FERNANDO POLICE DEPARTMENT have

approved of the officers' shooting of GABRIEL LOPEZ, and have made a

deliberate choice to endorse the officers' shooting of GABRIEL LOPEZ, and

the basis for that shooting. By so doing, the authorized policymakers

within the COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN

FERNANDO POLICE DEPARTMENT have shown affirmative agreement

with the individual Defendant officers' actions, and Defendants DOES 1

through 10, inclusive, and have ratified the unconstitutional and statutorily

violative acts of the individual Defendant officers.

66. Despite the fact that COUNTY, SHERIFF. CITY OF SAN

FERNANDO, and SAN FERNANDO DEPARTMENT knew or should have

known of the fact that these acts, omissions of acts, decisions, practices,

customs and policies, both form and informal, were being carried out by its

agents and employees, the COUNTY, SHERIFF, CITY OF SAN

FERNANDO, and SAN FERNANDO DEPARTMENT have taken no steps

or efforts to prevent this course of conduct, nor to make redress to the

Plaintiffs or other civilian citizens injured thereby, and have failed to take

any disciplinary actions whatsoever against any of its employees or agents.

67. The above acts or omissions of acts of the Defendants were

undertaken while under color of state law and resulted in the violation of

Plaintiffs' rights, as stated herein. Likewise, the customs, practices, policies,

and decisions of the COUNTY, SHERIFF, CITY OF SAN FERNANDO, and

SAN FERNANDO DEPARTMENT alleged herein and as applied to

GABRIEL LOPEZ, resulted in violation of Plaintiffs' rights.

68. GABRIEL LOPEZ had the rights to be free from unreasonable

search and seizures, and the right to be free from the use of unreasonable

and excessive force. These rights and privileges are secured to GABRIEL

LOPEZ by the provisions of the California Constitution, Article 1, section

13, and by CALIFORNIA Civil Code §§ 43 and 523.1. All of these interests

were implicated by the wrongful conduct of the Defendants which

proximately caused the death GABRIEL LOPEZ.

69. Each of the individual Defendants and the municipal Defendants

acted in concert, acted outside the scope of his/her jurisdiction and

without authorization of law and each of the individual Defendants,

separately and in concert, acted willfully, knowingly, with reckless

disregard and deliberate indifference to the known consequences of their

acts and omission of acts, and purposefully with the intent to deprive

Plaintiffs and GABRIEL LOPEZ of their protected rights and privileges,

and did in fact violate those rights and privileges, entitling Plaintiffs to

statutory, punitive and exemplary damages against the individual

Defendants, in an amount to be proven at the trial of this matter pursuant

to Cal. Civil Code §§52 *et seq.*, 52.1(b), and 52.1(h).

70.As a direct and proximate result of the aforesaid acts, omission of

acts, customs, practices, policies and decisions of the Defendants and each

of them, Plaintiffs and Decedent suffered great mental and physical pain,

suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation,

indignity, embarrassment, apprehension, and the loss of love, comfort,

society, solace and support, all to their damage in a sum to be determined

at trial. Additionally, plaintiffs have been forced to incur substantial

amounts for attorneys' fees and other expenses in the prosecution of the

above-articulated violations.

71.As a further result of these acts, Plaintiffs have lost past and future

earnings and wages resulting from the loss of the support and services of

GABRIEL LOPEZ in an amount to be determined according to proof at

trial.

72.Plaintiffs have also incurred funeral and burial expenses as a

result of the wrongful acts of Defendants, and each of them.

73.Plaintiffs are entitled to and hereby demand costs, attorney fees

and expenses pursuant to California Civil Code §§ 52 *et seq.* and 52.1(h).

# FIFTH CAUSE OF ACTION

## Intentional Infliction of Emotional Distress

## (By Plaintiffs Against All Defendants)

74. Plaintiffs refer to paragraphs 1 through 73 above and incorporates them in full by this reference.

75. The conduct of Defendants COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO POLICE DEPARTMENT,  and DOES 1-10 as set forth above and in firing repeatedly and indiscriminately at the decedent was outrageous in concept and execution.

76. The conduct of defendants COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO DEPARTMENT,  and DOES 1-10 intentionally caused, or was performed with reckless disregard for the probability of causing, emotional distress to Plaintiff's.

77. Plaintiffs have suffered and will continue to suffer severe or extreme emotional distress as a direct and proximate result of the outrageous conduct of defendants COUNTY, SHERIFF, CITY OF SAN FERNANDO, and SAN FERNANDO DEPARTMENT,  and DOES 1-10.

58. As a direct and proximate result of the conduct alleged above, Plaintiffs have suffered pecuniary loss, as well as incidental, medical and

treatment expenses, all in an amount that will be proven at time of trial; and further, are entitled to an award of exemplary damages.

## JURY DEMAND

Plaintiffs hereby demand that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows;

1. For burial and funeral related expenses according to proof at trial;

2. For general damages in an amount to be determined according to proof at trial;

3. For medical and related expenses according to proof at trial;

4. For costs of suit incurred herein;

5. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

6. For attorneys' fees and expert witness fees incurred herein; and

7. For such other and further relief as the Court deems just and proper.

///

///

///

**DATED**: March 10, 2015.        **MGDESYAN LAW FIRM**

By:_____

George G. Mgdesyan, Esq.
Attorney for Plaintiffs
REBECCA LOPEZ and JOSE LOPEZ

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Rebecca Lopez, Jose Lopez | County of Los Angeles; City of San Fernando, San Fernando Police Department |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| George Mgdesyan  15260 Ventura Boulevard, Ste 2200  Los Angeles, California 91403 | County of Los Angeles, City of San Fernando, San Fernando Police Department |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT:** $  To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Wrongful Death; 42 U.S.C. 1983 (Excessive Force); 42 U.S.C. 1983 (Unlawful Custom and Practice); California Civil Code §§ 43, 52.1; California Constitution Article 1 § 13; Intentional Infliction of Emotional Distress

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   **CV15 01745**

CV-71 (10/14)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes   [X] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | | Southern |
| | [ ] Riverside or San Bernardino | | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [X] No | | [ ] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [X] No | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes   [X] No | [ ] Yes   [X] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes   [X] No |

CV-71 (10/14)                                    CIVIL COVER SHEET                                    Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil **forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 3/9/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |